# United States District Court
# Central District of California
# Eastern Division

| | |
|---|---|
| ANDREW HARBUT, *et al.*, | ED CV 12-01983 TJH (OPx) |
| Plaintiffs, | |
| v. | Order |
| MONAVIE, INC., *et al.*, | |
| Defendants. | |

The Court has considered Plaintiffs' motion for class certification and Defendants' motion to strike Plaintiff's motion, together with the moving and opposing papers.

Following a stipulation that extended the deadline to January 6, 2015, Plaintiffs moved to certify a class on that date. The motion was denied on March 14. Plaintiffs did not obtain the Court's permission to submit a second motion.

Plaintiffs failed to mention Local Rule 23-3 regarding delay in filing the renewed class action motion. A district court does not abuse its discretion in denying a motion for relief from Local Rule 23–3 because of Plaintiffs' unfamiliarity with the local rules and unnecessary delay in filing the motion is not excusable neglect. *Watson v. Schwarzenegger*, 347 F. Appx. 282 (9th Cir. 2009). Fed. R. Civ. P. ("Rule")

6(b)(1)(B) requires a showing excusable neglect if a motion to extend time is made after the time to act has expired. A lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered and that "any lawyer or paralegal should have been able to read the rule correctly." *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004).

Even if Plaintiffs had submitted the second motion for a class certification in a timely manner, they would still have had to meet the burden for reconsideration. Local Rule 7-18 governs motions for reconsideration and provides circumstances where reconsideration of a motion may be made. Plaintiffs have not met the requirements of Local Rule 7-18.

Had Plaintiffs submitted this motion in a timely manner and did not need to meet the burden for reconsideration, Plaintiffs still have not satisfied Rule 23(b)(2) and (b)(3). The new proposed class does not identify any method to identify persons who would fit in to that definition.

To certify a Rule 23(b)(2) class, the Court must determine, as a threshold matter, whether the named Plaintiff has standing to seek an injunction. In the case at bar, not all purchasers were subjected to the same message – the proposed class consists of people who purchased from various third party websites. The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623, 117 S. Ct. 2231, 2249, 138 L. Ed. 2d 689 (1997)

When Plaintiffs submitted a second motion to certify a class, Defendants responded with an *ex parte* motion to strike the entire document.

Monavie does not meet the requirement for an *ex parte* application as Monavie has failed to show that there is a burden or a crisis.

Rule 12(f) "provides that a party may move to have stricken from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This rule does not provide for striking an entire motion.

1  **It is Ordered** that Plaintiffs' motion for class certification be, and hereby is,
2  **Denied**.

4  **It is further Ordered** that Defendants' *ex parte* motion to strike Plaintiffs'
5  motion be, and hereby is, **Denied**.

7  Date:  August 18, 2015

_____
**Terry J. Hatter, Jr.**
**Senior United States District Judge**